IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Stokes, ) | C/A No. 0:11-2690-JFA-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Samuel Stokes ("Stokes"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 16.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) Stokes filed a response in opposition to the respondent's motion. (ECF No. 31.) In addition, Stokes filed a motion for a preliminary injunction. (ECF No. 37.) Having carefully considered the parties' submissions and the record in this case, the court finds that the respondent's motion for summary judgment should be granted and Stokes's motion for a preliminary injunction should be denied.

**BACKGROUND**

Stokes was indicted in January 2005 in Spartanburg County for two counts of assault with intent to kill (2005-GS-42-147 & 2005-GS-42-148); armed robbery (2005-GS-42-146); and assault

and battery with intent to kill (2005-GS-42-145).[1] (ECF No. 15-6 at 35-39.) Stokes was represented by Thomas A.M. Boggs, Esquire, and on April 25, 2005, pled guilty to the lesser included offenses of assault and battery of a high and aggravated nature and two counts of assault of a high and aggravated nature.[2] (ECF No. 15-5 at 21-26.) The circuit court sentenced Stokes to ten years' imprisonment for assault and battery of a high and aggravated nature and ten years' imprisonment for each count of assault of a high and aggravated nature, all sentences to run concurrently. (ECF No. 15-5 at 49-50.) Stokes did not file a direct appeal.

On June 18, 2007, Stokes filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following issues:

1. Ineffective Assistance of Trial Counsel

2. Subject Matter Jurisdiction

(Stokes v. State of South Carolina, 07-CP-42-2113; ECF No. 15-5 at 54-63.) The State filed a return and motion to dismiss, arguing that Stokes's PCR application was not timely filed. (ECF No. 15-5 at 64-67.) Stokes filed a response in opposition to the State's motion in which he argued that his PCR application was filed within one year of discovering new evidence that would have affected the outcome of his case. (ECF No. 15-5 at 68-69.) After hearing oral argument from both parties, the

---

[1] Stokes was also indicted in Spartanburg County on charges of assault with intent to kill (2005-GS-42-1635), burglary in the first degree (2005-42-1636), and murder (2005-GS-42-149). (ECF No. 15-7 at 5-10.) Stokes was initially tried on these charges on August 28, 2005, which resulted in a mistrial. Stokes, who was represented by Clay Allen, Esquire, was re-tried on August 28, 2006. The jury found Stokes guilty as charged. (ECF No. 15-10 at 106.) The circuit court sentenced Stokes to life imprisonment for murder, life imprisonment for burglary in the first degree, and ten years' imprisonment for assault with intent to kill, all sentences to run concurrently to each other and consecutively to Stokes's sentences imposed on April 25, 2005. (ECF No.15-10 at 118-19.)

[2] The State *nol prossed* the indictment for armed robbery. (ECF No. 15-5 at 45-46.)

PCR judge found that Stokes's PCR application was filed within the prescribed state statute of limitations and issued an order on August 12, 2008 denying the State's motion to dismiss. (ECF No. 15-5 at 70-71.) On May 28, 2009, the PCR court held an evidentiary hearing at which Stokes appeared and testified and was represented by Shawn M. Campbell, Esquire. (ECF No. 15-5 at 72 through ECF No. 15-6 at 4.) By order filed June 22, 2009, the PCR judge denied and dismissed with prejudice Stokes's PCR application. (ECF No. 15-6 at 28-34.)

In his PCR appeal, Stokes was represented by Lanelle Cantey DuRant, Esquire, who filed a petition for a writ of certiorari on April 22, 2010 in which he alleged the following:

> The PCR court erred in not finding trial counsel ineffective for not conducting an investigation into petitioner's case by obtaining the medical records of the victim which would have provided a defense for petitioner.

(ECF No. 15-1 at 4.) The State filed a return. (ECF No. 15-2.) By letter order filed September 9, 2011, the South Carolina Supreme Court denied Stokes's petition for a writ of certiorari. (ECF No. 15-3.) The remittitur was issued on September 27, 2011. (ECF No. 15-4.) Stokes filed the instant Petition for a writ of habeas corpus on September 30, 2011. (ECF No. 1.)

## FEDERAL HABEAS ISSUES

Stokes raises the following issues in his federal petition for a writ of habeas corpus:

> **Ground One:** Ineffective Assistance of Counsel / Involuntary Plea.
> **Supporting Facts:** On April 25, 2005 murder trial was switch to A&BWIK, AWIK & Arm Robbery, Solicitor stated factual basis on Record and withheld exculpatory evidence to illicit guilty plea by misrepresenting evidence which was in possession of solicitor and counsel never investigated those facts which State alleged[.]

**Ground Two:** Brady Violation
**Supporting Facts:** State withheld exculpatory information that made the case alleged remarkely weaker & my case stronger.

(See Pet., ECF No. 1 at 6-7) (errors in original).

## DISCUSSION

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

PJG

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief

PJG

Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

    **1.     Statute of Limitations**

The respondent argues that Stokes's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Stokes's conviction became final ten days after April 25, 2005, the date of his plea and sentencing, as this was the last date on which he could serve a notice of

appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his conviction became final on May 5, 2005. Accordingly, the limitations period began to run on May 6, 2005 and expired on May 5, 2006, unless the period was at any time tolled for any properly filed state PCR application or other collateral review. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Stokes filed his state PCR application on June 18, 2007. However, this application did not toll the statute of limitations for the instant federal Petition because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Stokes's PCR application did not toll or revive the already expired statute of limitations for filing his federal habeas action. Accordingly, Stokes's statutory deadline expired on May 5, 2006. Stokes's federal Petition was filed on September 30, 2011—over five years after the expiration of the statute of limitations. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

In his response in opposition to summary judgment, Stokes appears to argue that the State failed to disclose material evidence in its possession to him or his attorney that included documents that Stokes alleges would have exonerated him. (ECF No. 31 at 2-3.) Even liberally construing



Stokes's arguments that, because he did not possess this evidence earlier, the statutory limitations period should commence at a later date pursuant to 28 U.S.C. § 2244(d)(1)(D), Stokes has failed to establish a date on which the factual predicate of his claims could have been discovered through the exercise of due diligence.[3] To the extent that Stokes argues that testimony presented in his murder trial conflicted with the discovery documents at issue, the record shows that Stokes's trial attorney was provided with the discovery documents at issue on August 16, 2005 (see ECF No 15-5 at 83:4-9; ECF No. 27-2), and that the witnesses who presented conflicting testimony appear to have testified on August 28, 2005 through August 31, 2005. (See ECF No. 15-7 at 38-42) (defendant's lawyer mentioning witnesses who did not present testimony in the mistrial). Accordingly, it appears that Stokes could have known of this information contained in this allegedly newly obtained evidence as of August 2005—prior to the expiration of the limitations period for filing his federal habeas petition.

Furthermore, Stokes has made no argument to show that he would be entitled to equitable tolling. To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Stokes must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir.

---

[3] The court notes that § 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In comparison, the state statute of limitations provides that "[i]f the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence." S.C. Code Ann. § 17-27-45(c).

*PJG*

2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Stokes has not established grounds for equitable tolling. Even assuming that Stokes relies on his claim that his plea counsel was ineffective for not obtaining that documents in possession of the State, garden variety attorney negligence generally is not a proper basis for equitable tolling. See Holland,130 S. Ct. 2549. He has presented no extraordinary circumstances preventing him from diligently pursuing his rights to timely file a his federal habeas petition.

**2.    Other Arguments**

Even if Stokes's Petition were timely filed, the court has reviewed the submissions of the parties and finds that Stokes has not presented any ground warranting federal habeas relief. This conclusion is based on the following authorities:

*Ground One:* Strickland v. Washington, 466 U.S. 668, 687 (1984) (enunciating a two-prong test to demonstrate ineffective assistance of counsel, which requires that a petitioner demonstrate that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result); Burket v.

*PJG*

Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (stating that to establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)); see also Harrington, 131 S. Ct. at 785 ("The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard."); Williams v. Taylor, 529 U.S. 362, 410 (2000) (stating that it is not enough that state court misapplied clearly established federal law, but it also must be unreasonable); Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

*Ground Two*: Coleman, 501 U.S. 722 (stating that if an issue is not *properly* raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

**E.     Motion for Preliminary Injunction**

In his motion for a preliminary injunction, Stokes appears to allege that the mail room staff is denying him access to the courts by delaying or otherwise hindering Stokes from mailing items related to his court case. As an initial matter, he court observes that such a motion is not properly brought in connection with the matter currently pending before the court—Stokes's habeas petition. Additionally, upon review of the docket, it appears that Stokes has complied with every deadline established in this matter as well as filed multiple motions and letters. Accordingly, it does not

appear that Stokes's access to the court with regard to prosecuting his case has been hindered or that Stokes has suffered any harm from the alleged actions of the mail room staff.

Nonetheless, even if the court could properly entertain such a motion in the context of this proceeding, Stokes has failed to establish that he is entitled to such relief. "Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[4] A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he

---

[4] The portions of Real Truth that were reissued by the United States Court of Appeals for the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-22; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. See Real Truth, 575 F.3d at 346-47.[5] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

Based on the record currently before the court, Stokes has not satisfied these required elements and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks. Accordingly, the court recommends that the plaintiff's motion (ECF No. 37) be denied.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 16) be granted and that Stokes's motion for preliminary injunction (ECF No. 37) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 2, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 22.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).