IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel Stokes, | ) | C/A No.: 0:11-2690-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* petitioner, Samuel Stokes, is a prisoner currently housed at Lee Correctional Institution of the South Carolina Department of Corrections. He has filed a petition pursuant to 28 U.S.C. § 2254 challenging his South Carolina state court conviction and alleging ineffective assistance of his state trial counsel.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] The respondent has filed a motion for summary judgment. An order was then issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded in opposition to the motion.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on July 2, 2012. Petitioner moved for and was granted an extension of time within which to file objections to the Report. The petitioner failed to file objections, even after having been granted an extension within which to do so, and the time has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to given any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The respondent argues that the § 2254 petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). The petitioner's conviction in state court became final ten days after April 25, 2005 (the date of his plea and sentencing) as this was the last day he could serve a notice of appeal to the South Carolina appellate courts. Thus, his conviction became final on May 5, 2005. Accordingly, the AEDPA limitations began to run on May 6, 2005 and expired on May 5, 2006, unless the period of time was tolled for any properly filed state PCR application or other collateral review.

Here, the petitioner did not file his state PCR application until June 18, 2007, over a year after the AEDPA statute of limitations expired for him to file a federal habeas petition (May 5, 2006).

Alternatively, for the petitioner to avoid application of the one-year statute of limitations under § 2244(d), he must show that the one-year period should be equitably tolled under applicable federal law. Here Stokes claims that his PCR application was filed within

one year of discovering new evidence that would have affected the outcome of his case. That evidence, he alleges is material discovery that would exonerate him and which the State failed to disclose to him or his attorney. The statute, § 2244(d), provides that in this situation, the limitations period shall run from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. Stokes does not provide a date for when the factual predicate of his claims could have been discovered. However, from a review of the record, the Magistrate Judge suggests that Stokes could have known of this information as of August 2005 which was prior to the expiration of the limitations period for filing this federal habeas action.

Further, the Magistrate Judge opines that Stokes cannot establish grounds or show extraordinary circumstances that the one-year limitations period should be equitably tolled under federal law. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As to the petitioner's motion for a preliminary injunction (ECF No. 37), such a motion is not properly brought in connection with Stoke's habeas petition. Moreover, Stokes has failed to establish that he is entitled to such relief and is therefore denied. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds that the Magistrate Judge's recommendation is proper and it fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, respondent's motion for summary judgment is granted, and the §2254 petition is denied.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

August 17, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."